Dear Senate Stipe
¶ 0 The Attorney General has received your letter asking for an official opinion addressing the following question:
Does the Board of Trustees of the Oklahoma Public EmployeesRetirement System (the "Retirement System") have the authorityunder 74 O.S. 909.1(B) (1988) to invest, as an "eligibleinvestment" (as defined by 36 O.S. 1616(B) (1981)) monies ofthe Retirement System in shares of interest of a businessdevelopment company (as defined by the Investment Company Act of1940), which is organized as an Oklahoma Limited Partnership toacquire securities in solvent corporations consisting primarilyof common stock and securities convertible into stock, as well asa combination of equity and debt securities?
¶ 1 Your question deals with the investment power of the Board of Trustees of the Oklahoma Public Employees Retirement System ("OPERS") under 74 O.S. 909.1(B) (1988). This subsection of law provides in pertinent part as follows:
 The monies of the System shall be invested only in assets eligible for the investment of funds of legal reserve life insurance companies in this state, as provided for in 36 O.S. 1602-36 O.S. 1611, 36 O.S. 1613-36 O.S. 1620, and 36 O.S. 1622-36 O.S. 1624 of the Oklahoma Statutes. 
¶ 2 Sections 1615 and 1616 of Title 36 specifically allow life insurance companies to invest in certain types of corporate stock under certain circumstances. Your question deals with whether the Board of Trustees can invest its funds with a business development company which is organized as an Oklahoma limited partnership, where the partnership has acquired corporate stock or corporate debt securities. In other words, you ask whether the Board of Trustees of OPERS must acquire the stock directly or if it can invest in a partnership which acquires the stock.
¶ 3 In Oklahoma, limited partnerships are formed pursuant to the Uniform Limited Partnership Act, 54 O.S. 141 (1981) et seq. They may be composed of one or more general partners and one or more limited partners. 54 O.S. 142 (1981). Presumably your question deals with the acquisition of a limited partnership interest where such a partner enjoys limited liability and does not participate in the management of the partnership. 54 O.S.148 and 54 O.S. 158 (1981). Such interests are very much like stock ownership and such interests are considered to be "securities" under securities laws. See, Goodman v. Epstein,582 F.2d 388 (7th Cir. 1978); Ahrens v. American-Canadian BeaverCo., 428 F.2d 926 (10th Cir. 1970).
¶ 4 36 O.S. 1615 does not appear to allow an investment in limited partnership interests as it only applies to preferred stock and guaranteed stock. Most of 36 O.S. 1616 appears to be inapplicable as well since it deals with corporate stock. However, subsection (B) provides in pertinent part as follows:
 Investing in the shares of mutual funds that invest only in bonds or preferred stocks shall be considered as investing in bonds or preferred stocks, and investing in mutual funds that invest in common stocks shall be considered as investing in common stocks.
¶ 5 The term "mutual fund" is not defined in the statutes. It appears, however, that the term has a commonly accepted meaning. In Investment Company Institute v. Camp, 401 U.S. 617,91 S.Ct. 1091, 28 L.Ed.2d 367 (1971), the United States Supreme Court described a mutual fund as follows:
 One would suppose that the business of a mutual fund consists of buying stock "for its own account" and of "issuing" and "selling" "stock" or "other securities" evidencing an undivided and redeemable interest in the assets of the fund.
401 U.S. at 625.
¶ 6 Another writer has described a mutual fund in the following way:
 In essence, a mutual fund is a diversified investment portfolio owned by fund share holders and managed by investment specialists (the investment advisers).
Fiduciary Duties of Investment Company Directors and ManagementCompanies under the Investment Company Act of 1940, 31 Okla. L.Rev. 635 (1978).
¶ 7 Your question refers to the Investment Company Act of 1940, 15 U.S.C.A. 80 a-l to 52. Specifically you mention a "business development company" as defined in the Act. While it is clear that a limited partnership may be considered such a company under the Act, (see e.g., 15 U.S.C.A. 80a-2 (48) (1987 Supp.) — definition of company), a business development company by definition is a "closed-end company." 15 U.S.C.A. 80a-2 (48) (1987 Supp.). An "open-end" company offers and sells redeemable securities where the company itself is the issuer.15 U.S.C.A. 80a-5 (1987 Supp.). In the Investment Company Institute v. Camp
case, the U.S. Supreme Court held that "[a] mutual fund is an open-end investment company." 401 U.S. at 625.
¶ 8 In summary, the Board of Trustees of OPERS may only invest in shares of a limited partnership where the limited partnership is organized as a mutual fund and if the partnership is considered to be an open-end investment company under the Investment Company Act of 1940. A mutual fund is a business entity which is in the business of investing in common stock or debt securities of corporations. A mutual fund then seeks investors who get shares of the fund in the form of limited partnership interests or stock.
¶ 9 Since, pursuant to subsection (B) of 36 O.S. 1616,
investments in the mutual funds are considered to be investments in the stock in the underlying securities held by the mutual fund, it appears readily apparent that the Board of Trustees of OPERS may invest in mutual funds to the same extent that it may invest in private corporate stock or debt securities, since the statute mandates that they be considered in the same manner. A "business development company," as defined in the Investment Company Act of 1940, is not a "mutual fund." The Board of Trustees may not, therefore, invest in limited partnership interests of a limited partnership organized as such a business development company.
¶ 10 It is, therefore, the official opinion of the AttorneyGeneral that pursuant to 36 O.S. 1616(B) (1981) and 74 O.S.909.1(B) (1988), the Board of Trustees of the Oklahoma PublicEmployees Retirement System may not invest in limited partnershipinterests of a business development company as defined in theInvestment Company Act of 1940, 15 U.S.C.A. 80a-1 to 52 (1982),since such companies are "closed-end" companies under that Actand are not considered to be mutual funds.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER ASSISTANT ATTORNEY GENERAL